The Disciplinary Review Board having filed with the Court its decision in DRB 17-437, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(a)(4), Matthew I. Cohen, formerly of Philadelphia, Pennsylvania, who was admitted to the bar of this State in 1995, should be censured based on discipline imposed in the Commonwealth of Pennsylvania for unethical conduct **496 that in New Jersey constitutes violations of RPC 1.3 (lack of diligence), RPC 1.4(b) (failure to communicate with a client), RPC 1.4(c) (failure to explain a matter to a client to the extent reasonable necessary to permit the client to make informed decisions regarding the representation), RPC 1.16(a)(1) (failure to withdraw when the representation will result in a violation of the RPCs ), RPC 1.16(d) (on termination of representation, failure to take steps reasonable practicable to protect a client's interests), RPC 5.5(a)(1) (unauthorized practice of law), RPC 8.1(b) (failure to cooperate with disciplinary authorities), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
And Matthew I. Cohen having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined;
And the Court having concluded that a two-year suspension from the practice of law is the appropriate quantum of reciprocal discipline for respondent's unethical conduct;
And good cause appearing;
It is ORDERED that Matthew I. Cohen is suspended from the practice of law for a period of two years, effective immediately; and until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further **497 ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.